## In re JAC FAMILY FOUNDATION, Debtor.

**Bankruptcy No. 06–69360–JB.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Sept. 26, 2006.

JAC Family Foundation, Pro se.

Mary Ida Townson, Esq., Atlanta, for Chapter 13 Trustee.

### ORDER

JOYCE BIHARY, Bankruptcy Judge.

This Chapter 13 case involves the provision in § 109(e) of the Bankruptcy Code that states that only an individual may be a debtor under Chapter 13. The case came before the Court on September 7, 2006, on the Chapter 13 Trustee's motion to dismiss. This case was filed on August 1, 2006, under the name of JAC Family Foundation, and the petition was signed by James Allen Causey as the "administrator of the estate and authorized representative." The Chapter 13 Trustee, Mary Ida Townson, appeared at the hearing, as did Mr. Causey. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

The debtor did not file any response to the Trustee's motion to dismiss, but Mr. Causey announced at the September 7, 2006 hearing that someone was filing a pleading in the Clerk's Office at the time of the hearing. The pleading filed on September 7, 2006 referred to a complaint recently filed by Mr. Causey and the JAC Family Foundation in the United States District Court for the Northern District of Georgia.

In the motion and at the hearing, the Chapter 13 Trustee argued that this case should be dismissed and the automatic stay terminated on the grounds that the debtor JAC Family Foundation is not an individual eligible for relief under Chapter 13 of the Bankruptcy Code. Mr. Causey did not offer any argument that a foundation was an individual eligible for Chapter 13 relief but asked that the case be continued.

Section 109(e) of the Bankruptcy Code states that only an individual with regular income, subject to certain debt limitations, may be a debtor in a case filed under Chapter 13. 11 U.S.C. § 109(e) (2006). The Bankruptcy Code does not specifically define the word "individual." The test for interpreting the meaning of undefined terms in the Bankruptcy Code is set forth in *United States v. Ron Pair Enterprises, Inc.*:

> It is not appropriate or realistic to expect Congress to have explained with particularity each step it took. Rather, as long as the statutory scheme is coherent and consistent, there generally is no need for a court to inquire beyond the plain language of the statute.... The plain meaning should be conclusive, except in the "rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with

the intention of its drafters." 489 U.S. 235, 240–242, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) (citing *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571, 102 S.Ct. 3245, 73 L.Ed.2d 973 (1982)).

When Congress does not define a word by statute, courts construe the word as having its ordinary or common meaning.

*Webster's Third New International Dictionary Unabridged* defines "individual" as "a single human being as contrasted with a social group or institution." *Webster's Third New International Dictionary Unabridged* 1152 (Philip Babcock Gove ed., 1976). *Black's Law Dictionary* defines the adjective "individual" as "of or relating to a single person or thing, as opposed to a group." *Black's Law Dictionary* 788 (8th ed.2004). The Eleventh Circuit Court of Appeals has applied the plain meaning doctrine to interpret "individual" in former § 362(h) of the Bankruptcy Code as "limited to natural persons and ... not includ[ing] corporations or other artificial entities." *Jove Eng'g, Inc. v. I.R.S. (In re Jove Eng'g, Inc.)*, 92 F.3d 1539, 1550–51 (11th Cir.1996). Nothing in the Court of Appeals' opinion or the Bankruptcy Code suggests that "individual" should have different meanings in different sections of the Code.

*Webster's Third New International Dictionary Unabridged* defines "foundation" as "an organization or institution established by endowment or otherwise established with provision for the future maintenance." *Webster's Third New International Dictionary Unabridged* 898 (Philip Babcock Gove ed., 1976). *Black's Law Dictionary* defines "foundation" as "a fund established for charitable, educational, religious, research, or other benevolent purposes" and "private foundation" as "a charitable organization that is funded by a single source, derives its income from investments rather than contributions, and makes grants to other charitable organizations. A private foundation is generally exempt from taxation." *Black's Law Dictionary* 682 (8th ed.2004). The plain meaning of individual as a "single human being" or "natural person" as opposed to a group is inconsistent with the plain meaning of foundation as a charitable organization or fund. An organization or fund may in some instances be an artificial person, but it is not a human being or natural person.

■ The second part of the plain meaning test requires the plain meaning to be applied unless such construction would produce a result "demonstrably at odds with the intention of its drafters." *U.S. v. Ron Pair Enter., Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) (quoting *Griffin v. Oceanic Contractors, Inc.* 458 U.S. 564, 571, 102 S.Ct. 3245, 73 L.Ed.2d 973 (1982)). Congress created Chapter 13 relief as an expansion and modification of the consumer debtor repayment plan under the former Chapter XIII, created by the Chandler Act of 1938. H.R.Rep. No. 95–595, at 117 (1997). Chapter 13 of the Bankruptcy Code of 1978 expanded the group of debtors eligible for repayment plans from wage earners, or "individual[s] whose principal income is derived from wages, salary, or commissions," to "individuals with regular income," a category encompassing "individuals whose primary income is from investments, pensions, social security, or welfare...if their income is sufficiently stable and regular." *Id.* at 118–19. Congressional intent shows that Chapter 13 was enacted to assist natural persons, such as wage earners and retirees, with the repayment of consumer debt. *Id.* at 116–19. Interpreting "individual" to exclude a foundation is not at odds with the intent of Congress.

The definition of individual may also be determined by eliminating meanings inconsistent with other definitions provided by § 101 of the Code. The definitions of "person," as "including individual, partnership, and corporation," 11 U.S.C. § 101(41) (2006), and "entity," as including "person, estate, trust, governmental unit, and United States trustee," 11 U.S.C. § 101(15) (2006), seem to limit the definition of individual by excluding partnerships, corporations, estates, trusts, and governmental units. Further, an individual partner or individual trustee is eligible to be a debtor in a Chapter 13 case while a partnership or trust is not. 2 *Collier on Bankruptcy* ¶ 109.06[1] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.2006); Keith M. Lundin, *Chapter 13 Bankruptcy*, 3D ED. §§ 7.4–7.7 (2000 & Supp.2004).

On September 21, 2006, the debtor filed a Statement of Financial Affairs which contains responses confirming that the debtor is not an individual. In question # 21(b), the form states that if the debtor is a corporation, the debtor should list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5% or more of the voting or equity securities of the corporation. The debtor answered that question by listing five individuals with their percentage ownerships in the debtor. Question # 25 in the Statement of Financial Affairs states "if the debtor is not an individual, list the name and federal taxpayer identification of any pension fund to which the debtor has been responsible for contributing at any time within the six years preceding the commencement of the case." The debtor completed this question, acknowledging again that the debtor is not an individual.

In conclusion, JAC Family Foundation is not eligible to be a debtor under Chapter 13 because a foundation is not an individual, and § 109(e) of the Bankruptcy Code limits Chapter 13 relief to individuals. Individual refers to natural persons both in plain meaning and in the context of other sections of the Bankruptcy Code. A foundation is not a natural person and is therefore ineligible for Chapter 13 relief. Accordingly, the Chapter 13 Trustee's motion to dismiss is granted, and this case is hereby dismissed.